# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| NATIONAL SURETY CORPORATION, | * * * | CIVIL NO. 4:11-CV-00355-JAJ-TJS |
| Plaintiff, | * * | |
| v. | * * | **REPORT AND RECOMMENDATION** |
| MLP MULTI-FAMILY CONSTRUCTION, L.L.C., et al., | * * * | |
| Defendants. | * | |

## I. REPORT

National Surety Corporation ("National Surety") filed this action on August 5, 2011, seeking a declaration as to its obligation to indemnify individuals and entities insured under an excess liability policy and named as defendants in *Westlake Investments, LLC v. Fieldstone Products, L.L.C.*, Case No. 4:09-cv-00095-RAW. (*See* Complaint for Declaratory Relief (Clerk's No. 1).) National Surety claims the policy does not provide coverage for damages sought in the underlying case against its insureds. (*Id.*)

On September 30, 2011, the plaintiff in the underlying case, Westlake Investments, L.L.C., ("Westlake") filed a Motion to Intervene (Clerk's No. 22) in this action. Westlake states that it has agreed with the defendants to resolve the claims in the underlying lawsuit without trial. (*Id.* ¶ 3.) According to Westlake, several of the defendants have agreed to confess judgment in favor of Westlake and assign to Westlake all claims and rights of

coverage against National Surety. (*Id.*) Consequently, Westlake seeks to intervene in this action to assert and protect its interest in the coverage matter. (*Id.* ¶¶ 6, 7.)

National Surety filed a Resistance (Clerk's No. 24) to the motion to intervene on October 17, 2011. National Surety asserts that, in light of the assignment of rights under its policy, there is no longer a ripe and justiciable controversy between itself and the defendants. Because Westlake is now the real party in interest to the coverage dispute, National Surety filed a Petition for Declaratory Relief against Westlake in the Iowa District Court for Polk County on October 7, 2011. National Surety urges that this action be dismissed without prejudice for lack of subject matter jurisdiction and the motion to intervene be denied as moot.

Westlake filed a Reply (Clerk's No. 25) on October 27, 2011. Westlake does not resist National Surety's request to dismiss this action, and agrees there would be no need to decide the motion to intervene.

None of the defendants have filed a response or other pleading as to the motion to intervene or the dismissal of this action.

## II. RECOMMENDATION

Based on the representations to the court as set forth above, it is hereby recommended that this action be dismissed without prejudice at the request of plaintiff National Surety Corporation and pursuant to Federal Rule of Civil Procedure 41(a)(2). While defendants have remained silent, this magistrate judge notes there is no counterclaim and anticipates no resistance from defendants to the dismissal of this action.

It is further recommended that the Motion to Intervene (Clerk's No. 22) be denied as moot.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1), the parties, including movant Westlake Investments, L.L.C., have to and including, **November 16, 2011,** in which to file written objections, unless an extension of time for good cause is obtained. *See* Fed. R. Civ. P. 72(b)(2); *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). Such extensions will be freely granted. Any objections must specify the specific portions of this Report and Recommendation to which objections are made, and set forth the basis for such objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thompson*, 897 F.2d at 357.

Dated November 2, 2011.

THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE